No. 8943.

THE STATE EX REL. C. B. HAUK VS. H. L. LAZARUS, JUDGE.

The power of determining or deciding whether the facts, as set out in a bill of exception, are true, must of necessity rest with the trial Judge. Any other rule would be impracticable, and would lead to endless dispute and inextricable confusion.

APPLICATION for Writ of Mandamus.

*A. Brieugne* and *Sambola & Ducros* for the Relator.

*Robt. Mott* for the Respondent.

The opinion of the Court was delivered by

MANNING, J.  On the trial below of the suit of Hauk vs. Nicholson, the relator, who is the plaintiff in that suit, alleges that he requested the court to charge the jury as set forth voluminously in the petition now before us, and at the same time excepted to the charge as given by the court, and by agreement between counsel on both sides and the Judge, the relator was to have a few days time to draw his bills, and that within the time so allowed, his bills were drawn and exhibited to the opposing counsel, and presented to the Judge in open court, who promised to examine them and sign them if found correct.  This was in last April.   He further alleges that he repeatedly requested the Judge during the summer to act on his bills, who promised to do so, but who finally, about the beginning of September, peremptorily refused to sign the bills, assigning as a reason that he had recently prepared a statement of the case which would serve instead of the bills.

The Judge's version is, that his charge was reduced to writing, and after its delivery Hauk's counsel reserved a bill to it without specifying any particular fact, and also presented nine written requests to charge, some of which he gave, and qualified or refused others—that after the verdict of the jury had been rendered, the Judge asked Mr. Ducros, one of Hauk's counsel, whether a bill of exceptions would be prepared, who answered there would be no appeal, and that Hauk's counsel requested the short hand writer not to translate the testimony as there would be no appeal—that nothing was done with the requests and exceptions until June, and when an appeal was taken and he was requested to sign the bills of exceptions, he refused because they do not fairly state his ruling, but that he prepared a bill, based upon his notes taken by him on the trial, of the requests and his rulings thereon, and annexes it to his answer.

All that a Judge can be required to do is to sign a bill that presents the facts in accordance with his recollection, and when he has taken notes at the time instead of trusting to memory alone, there is greater assurance of accuracy. The power of determining, or rather the right of deciding, whether the facts as stated in a bill are true or not, rests with the Judge. All courts so hold, because a different rule would be impracticable and lead to endless dispute and inextricable confusion. He is justified in refusing to hear testimony contradicting his recollection of the facts, State vs. Gunter, 30 Ann. 536; and we cannot do what we justify him in not doing. When therefore the Judge has prepared a statement of the facts and his rulings on the law which he has incorporated in a bill, or is ready to do so, and sign it, we cannot order him to do more, since that is all he is bound to do.

The mandamus is refused at the relator's cost.